Christian, J.,
delivered the opinion of the court.
The appellant, M. T. Reed, was the maker of a number of negotiable notes, part of which were discounted by the Union Bank of Winchester, and others by the Shenandoah National Bank of Winchester. Each of these notes contains the following stipulations: “And we, the drawer and endorser, each hereby waive the benefit of our homestead exemption as to this debt.”
Upon these notes judgments were obtained, and a bill was filed by the judgment creditors to subject the real ^estate of said Reed to the payment of these judgments. In this suit Mrs. Susan A. Reed, wife of the defendant, M. T. Reed, filed her petition, in which she claims that the real estate which the judgment creditors are seeking to subject to the payment of their debts had been set apart and declared as his homestead; and she exhibits with her petition his declaration of homestead, embracing the same real estate, and which was put on record on the 29th day of November, 1876. The corporation court of Winchester held that this declaration of homestead, executed afterwards, could not prevail against judgments upon notes, in each of which respectively the benefit of the homestead exemption had been waived; and accordingly decreed a sale of the land thus set apart as a homestead to satisfy the judgments recovered on said notes. From this decree an appeal was allowed by one of the judges of this court.
The single question we have to determine is, whether a householder or head of a family has a right, under the homestead exemption laws declared by the constitution and statute, to waive the benefit of such exemption for a valuable consideration. This right is expressly given by statute, and if this statute is not in contravention of any provision of the constitution, the right clearly exists. The 3d section of chapter 183 of Code of 1873, provides that in all cases where a debtor or contractor shall declare in the body of the bond, note, or other evidence of the debt or contract that he waives, as to such debt or contract, the exemption from liability of the property which he may be entitled to hold exempt under the provisions of this act, the said property, whether previously set apart or not, shall then be liable to be subjected for such debt or contract, under legal progress, in like manner and to the same extent as other estate of said debtor and contractor. * * * The following or equivalent *words shall be sufficient to operate as a waiver provided for in the previous section: “I (or we) hereby waive the benefit of my (or our) homestead exemption as to this debt, (obligation or contract as the case may be).”
If this provision of the statute is constitutional, the waiver can be enforced. Indeed in this case the validity of the waiver under the statute is conceded. It is disputed upon the sole ground that the statute is in contravention of the constitution of the state.
Upon the most familiar principles, repeatedly declared by the decisions of the supreme court of the United States, and by the supreme courts of all the states, and by none more emphatically than by this court, every statute is presumed to be constitutional. It cannot be declared by .the courts to be otherwise, unless it is made clearly so to appear. The whole law-making power of the state is vested in the legislature, which is omnipotent unless restricted by the express or implied provisions of the state or national constitution. Potter’s Dwarris on Statutes, 62.
As it was well expressed by Judge Denio, in People v. Draper, 15 N. Y. 532, 543, “plenary power in the legislature is the rule. A prohibition to exercise a particular power is the exception. In inquiring, therefore, whether a given statute is con- | stitutional, it is for those who question-its | validity to show that it is forbidden.”
Those who maintain the unconstitutionality of the statute under consideration, appeal to the provisions of sections 1st, 3d, 5th and 7th of article XI of the constitution, as forbidding the right of waiver. Let us carefully note these provisions and determine their true interpretation. By section first it is provided that every householder or head of a family shall be entitled to hold, exempt from levy, &c., property to the value of not exceeding $2,000, to be selected by him; by section *third it is further provided, that nothing in the article should be construed to interfere with the sale of property, or any portion thereof, by virtue of any mortgage, deed of trust, pledge or other security thereon; and by section fifth, that the general assembly should, at its first session under the constitution, prescribe in what manner and on what conditions the said householder or head of a family should thereafter set apart and hold for himself and family a homestead out of the property thereby exempted; and might, in its discretion, determine in what manner and on what conditions he might thereafter hold for the benefit of himself and family such personal property as he might have, and coming within the exemption thereby made; *586 but that said section should not be construed as authorizing the general assembly to defeat or impair the benefits intended to be secured by this article. By section seventh, 'it was provided that the provisions of the article should be construed liberally, to the end that all the intents thereof might be fully and properly carried out.
These constitute all the provisions of the constitution having reference to the question under consideration. It is plain that there is in none of these provisions, nor in all combined, any express prohibition of a waiver of the homestead exemption by a householder or head of a family, or any interdiction of the powers of the legislature to provide for such waiver, or the mode in which it may be exercised. There being no express prohibition the question is, is there any restriction, by necessary implication, upon the power of the legislature to pass the act in question? I think not. I think the constitution grants the exemption as a privilege to the householder or head of a family. It declares that “he shall be entitled to hold” property to be selected by him. “He shall be entitled to hold” plainly means that he may if he chooses *have the right to hold such property as he may choose to select and set apart as his homestead, not exceeding in value $2,000; and when he so chooses to exercise such right to hold it, and chooses so to select it and set it apart, that property over which such right is so exercised, and which is so set apart, shall be exempt from execution, sale, &c. And this right may be exercised at any time be- ! fore sale. But if he never does exercise . this right, such property is liable to sale for a satisfaction of his debts. It will be observed that no specific property is set apart by the constitution as exempt, but it is only such as he may select and set apart. .If he fails to do this, he fails to avail himself of the right he was “entitled to hold” in such property; and his right of exemption, if not exercised before sale, is gone. The privilege given by the constitution is a personal privilege to be exercised by him, or not, as he may choose. The constitution does not declare, as does the poor debtors' laws, that certain property “shall be exempt” from levy, &c.; but that the householder or head of a family shall be entitled to hold property to be selected by him to the value of $2,000. In the former case the law executes itself. It is a part of the public policy of the government to exempt that particular property absolutely from forced sale, and its provisions cannot be waived. But there is no such constitutional declaration that property to the amount of $2,000 “shall be exempt.” On the contrary, the very language used plainly shows that it may be exempt only when the privilege given to the householder or head of a family has been exercised, and the property selected and set apart by him.
But the view is very earnestly pressed in the argument of the able counsel for the appellants, that the homestead exemption was declared by the constitution in favor of the family, and that it would defeat the very object *and intent of the homestead exemption if the head of the family was allowed to waive the benefit of exemption, or otherwise dispose of property in which his family had the right of homestead. The plain answer to this suggestion is, that the constitution does not declare, as many of the constitutions of other states do, that the “homestead shall be exempt,” or that it shall be for the sole use of the family. If it - had been the intention of the framers of the constitution, or of the legislature in carrying out its provisions, to have so declared, it would have been easy to have so declared in unmistakable terms. It must be presumed that both the framers of the constitution and the legislature were familiar with the provisions of the constitutions, the statute law and decisions of the courts under them in the other states of the Union, and, if they had so intended, would have adopted the. language of those constitutions, under which it had been held there could be no waiver of the homestead exemption. I have examined many of them, and find that in Illinois, New York, Vermont, Minnesota, Michigan, North Carolina, California, Arkansas and Georgia, their constitutions or statute laws provide either that the homestead “shall be exempt,” or that there “shall be no waiver,” or that the homestead shall be “for the sole use of the family.” The authorities cited by the learned counsel for the. appellant can furnish us but little aid in the. construction of our constitution, because they are decisions under constitutions totally different from ours, and having provisions similar to those above indicated.
It is a significant fact that with these provisions of the constitutions and statutes of other states before them, the framers of the constitution, and the legislature carrying out its provisions, rejected all these terms and adopted the language, “shall be entitled to hold” property set apart *and “selected by himself,” and “hold the same for the benefit of himself and family.”
It is plain that, by such language, especially in the light of that used by the constitutions of other states, and the decisions under them, it never was intended to declare that a man’s dominion over his own property should be taken away without his consent.
Nor do I see the force of the argument so earnestly insisted upon, that the benefits intended to be secured to the family by the homestead exemption would be taken away if the head of the family were permitted to waive the benefit of exemption. As already seen, the property is held for the “benefit of himself and family;” but if it were to be held for the benefit of the family alone, I think the power to waive the benefit of the homestead would be a positive advan *587 tage in most cases to the family. Generally what is of benefit to the head of a family is of benefit to the family. The dominion of a man over his own property is one of the most sacred rights, one in which' his family as well as himself are deeply interested; and one with which, as was said by Judge Staples in Hartorff v. Welford, judge, 27 Gratt. 361, the legislative Í power cannot interfere. The jus dis-ponendi is one of the most valuable incidents of property. Without it property is of little or no value. The value which this right gives to property is a benefit to the j family as well as to the head of the_ family. ; In the impoverished condition of this state, the great majority of householders and heads of families do not own over $2,000 worth of property. If this could not be ! the basis of credit — if the head of the fam- ; ily is prevented, by the fact that he cannot waive his homestead, from obtaining credit, his family must of course suffer by it. So far from being a benefit to his family, it would seem to me a positive disadvantage to allow him to hold $2,000 *worth of property upon which he could never raise a dollar for the support of his family or the education of his children. The true interests and the real benefit to the family is, I think, to utilize the property exempted and make it the basis of credit.
I see nothing either in the letter or spirit of the constitution which forbids a waiver of the homestead exemption, .and am therefore for affirming the decree of the corporation court of the city of Winchester.
Decree affirmed.